# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER DOZIER, JR., | 1:08-CV-01286 GSA HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS |
| v. | [Doc. #10] |
| JOHN C. MARSHALL, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 22, 2008, Petitioner filed a petition for writ of habeas corpus. After conducting a preliminary review of the petition, on September 23, 2008, the Court determined that Grounds Two and Three of the petition remained unexhausted. Petitioner was granted leave to withdraw the unexhausted claims in lieu of suffering dismissal. On October 27, 2008, Petitioner filed a motion to withdraw the unexhausted claims and hold the petition in abeyance.

**DISCUSSION**

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 549 U.S. 269, 276-78 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, this discretion is circumscribed by the Antiterrorism and Effective

1. Death Penalty Act of 1996 (AEDPA). Rhines, 549 U.S. at 277. "[S]tay and abeyance [is] available
2. only in limited circumstances." Id. "Staying a federal habeas petition frustrates AEDPA's objective
3. of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings."
4. Id. "It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a
5. petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id.
6. Because of these AEDPA objectives, stay and abeyance "is only appropriate when the district court
7. determines there was good cause for the petitioner's failure to exhaust his claims first in state court."
8. Id.
9.     In this case, the Court does not find good cause to excuse Petitioner's failure. It has been
10. several years since Petitioner's conviction became final. Allowing Petitioner a stay and abeyance at
11. this juncture surely frustrates AEDPA's objective of encouraging finality and undermines AEDPA's
12. objective of streamlining federal habeas proceedings. Petitioner claims the two unexhausted grounds
13. stem from a "common core of operative facts" and therefore relate back to the exhausted claim. He
14. argues they are therefore timely presented. Petitioner's argument is completely unpersuasive.
15. Unexhausted Ground Two is a claim of ineffective assistance of appellate counsel for her failure to
16. raise unexhausted Ground Three.  Unexhausted Ground Three is a claim of abuse of discretion by the
17. trial court for the court's failure to instruct the jury with CALJIC No. 2.02 on the sufficiency of
18. circumstantial evidence to prove specific intent. These claims have nothing to do with Ground One,
19. which is a claim of abuse of discretion by the trial court for the court's admission of propensity
20. evidence. The two grounds are untimely and unexhausted, and Petitioner has not shown good cause
21. to stay the petition.

22. **ORDER**
23.     Accordingly, IT IS HEREBY ORDERED:
24.     1) Petitioner's motion to withdraw unexhausted Grounds Two and Three is GRANTED; and
25.     2) Petitioner's motion for stay of the proceedings is DENIED.
26.
27.     IT IS SO ORDERED.
28.     Dated:   **December 5, 2008**            **/s/ Gary S. Austin**

1                                          UNITED STATES MAGISTRATE JUDGE